UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

JESSIE HILL, ADC #104136                                                            PETITIONER

V.                           NO. 5:18-CV-00219-JLH-JTR

WENDY KELLEY, Director,
Arkansas Department of Correction                                              RESPONDENT

## RECOMMENDED DISPOSITION

The following Recommended Disposition ("Recommendation") has been sent to United States District Judge J. Leon Holmes. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of the entry of this Recommendation. The failure to timely file objections may result in waiver of the right to appeal questions of fact.

### I. Introduction

Petitioner Jessie Hill ("Hill") has filed a *pro se* 28 U.S.C. § 2241 Petition for a Writ of Habeas Corpus. *Doc. 2.* In his Petition, Hill raises various habeas claims challenging both his 1995 conviction, in Grant County Circuit Court, for capital

murder,[1] and his 1995 conviction, in Ouachita County Circuit Court, for first-degree murder.[2] *Doc. 2 at 1-2, 17-25*.

Over twenty years ago, on August 18, 1997, Hill filed his first federal habeas action challenging his Grant County conviction. *Hill v. Norris*, E.D. Ark. No. 5:97CV00384-BRW. On December 9, 1997, United States District Judge Billy Roy Wilson dismissed the case with prejudice. *Id. at docs. 18 & 19*. Hill did not appeal.

On March 19, 2007, Hill filed a second § 2254 habeas action challenging the same conviction. *Hill v. Norris*, E.D. Ark. No. 5:07CV00058-BRW. Judge Wilson dismissed the case, without prejudice, to allow Hill to seek permission from the Eighth Circuit Court of Appeals to file a second or successive § 2254 petition. *Id. at docs. 36 & 37*. Hill sought a certificate of appealability, which the Eighth Circuit denied. *Id. at doc. 56*.

On January 15, 2013, Hill filed a third § 2254 habeas action challenging his Grant County conviction. *Hill v. Hobbs*, No. 5:13cv00015-JLH. United States District Judge J. Leon Holmes dismissed the case, without prejudice, to allow Hill to seek permission from the Eighth Circuit to file a second or successive § 2254 petition. Hill did not appeal.

---

[1] Hill was sentenced to life imprisonment. His direct appeal was unsuccessful. *Hill v. State*, 325 Ark. 419, 931 S.W.2d 64 (1996).

[2] Hill was sentenced to sixty years consecutive to his life sentence. Hill's direct appeal was denied as untimely. *Hill v. State*, No. CR 96-710, 1996 WL 651139, at *1 (Ark. Nov. 4, 1996).

On September 7, 2016, Hill filed a fourth § 2254 habeas action challenging his Grant County conviction. *Hill v. Kelley*, No. 5:16cv00277-JLH. United States District Judge J. Leon Holmes dismissed the case, without prejudice, to allow Hill to seek permission from the Eighth Circuit to file a second or successive § 2254 petition. *Id. at docs. 5 and 6*. Hill sought a certificate of appealability, which the Eighth Circuit denied. *Id. at doc. 17*.

Hill also has repeatedly and unsuccessfully filed § 2254 challenges to his Ouachita County conviction. *See Hill v. Norris*, E.D. Ark. No. 5:97CV00257-BRW; *Hill v. Norris*, E.D. Ark. No. 5:09CV00050-BRW; *Hill v. Hobbs*, E.D. Ark. No. 5:13CV00014-JLH; *Hill v. Kelley*, E.D. Ark. No. 5:16CV00258-JLH.

On September 28, 2016, United States District Judge J. Leon Holmes dismissed, without prejudice, Hill's fourth habeas action challenging his Ouachita County conviction so he could seek permission from the Eighth Circuit to file a second or successive § 2254 petition. *Hill v. Kelley*, E.D. Ark. No. 5:16CV00258-JLH at *doc. 11*. Hill sought a certificate of appealability, which the Eighth Circuit denied. *Id. at doc. 19*.

## II.  Discussion

This case represents another in the long line of successive habeas actions filed by Hill in an attempt to overturn his 1995 convictions in Ouachita and Grant County Circuit Court. *Doc. 2 at 2-3*. This time Hill labels his habeas action as a "Motion for

Habeas Corpus Relief to Vacate, Set Aside, Dismiss, pursuant to 28 U.S.C.A. § 2241; F.R.E. 201; Motion for Writ of Mandamus; Motion to Appoint Counsel." *Doc.* 2. Hill cannot bypass the authorization requirement of 28 U.S.C. § 2244(b)(3) by attempting to mischaracterize his § 2254 habeas Petition as a "Motion" seeking to vacate or set aside his conviction under § 2241, or a Motion for Writ of Mandamus. *United States v. Lambros*, 404 F.3d 1034, 1036 (8th Cir. 2005). Regardless of how he denominates his pleading, it represents a successive § 2254 habeas Petition which is subject to the requirement contained in § 2244(b). *Williams v. Kelley*, 858 F.3d 464, 480 (8th Cir. 2017) (citing *Crouch v. Norris*, 251 F.3d 720, 723 (8th Cir. 2001) and *Singleton v. Norris*, 319 F.3d 1018 (8th Cir. 2003)) (explaining that petitions, whether brought under § 2254 or § 2241 are subject to § 2244(b)).

Only the Eighth Circuit Court of Appeals has the authority to grant a habeas petitioner permission to file a successive habeas action. *See* 28 U.S.C. § 2244(b)(3)(A) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."). Hill acknowledges that he has not obtained the required authorization from the Eighth

Circuit.[3] Until Hill does so, this Court lacks jurisdiction to proceed. *Burton v. Stewart*, 549 U.S. 147, 152-53, 157 (2007).

Given Hill's longstanding history of filing successive § 2254 habeas actions, the Court recommends that he now be cautioned that filing future habeas actions challenging his convictions in Grant County Circuit Court or Ouachita County Circuit Court, without first obtaining permission from the Eighth Circuit Court of Appeals to file those actions, will result in the Court placing restrictions on his right to initiate such successive actions in the Eastern District of Arkansas.

## II.    Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1. Hill's 28 U.S.C. § 2241 Petition for a Writ of Habeas Corpus, *doc. 2*, be DISMISSED, without prejudice, so that Hill may seek authorization from the Eighth Circuit Court of Appeals, pursuant to 28 U.S.C. 2244(b)(3)(A), to file a successive petition.

2. Hill be cautioned that restrictions will be placed on his right to initiate future second and consecutive habeas actions in the Eastern District of Arkansas if he continues to file such actions challenging his convictions in Grant County Circuit

---

[3] Hill erroneously claims in his Petition that he "does not need a Court of Appeals authorization to file a petition under § 2241" and that he is "entitled to a decision in the regular course – that is, by a district judge, followed [by] appellate review and the opportunity to seek review by the Supreme Court." *Doc. 2 at 9*.

Court or Ouachita County Circuit Court, without first obtaining permission from the Eighth Circuit Court of Appeals.

DATED this 14th day of September, 2018.

_____
UNITED STATES MAGISTRATE JUDGE